IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17CR436 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| DALEN D. KING, | ) | SENTENCING MEMORANDUM BY |
| | ) | UNITED STATES |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Brad J. Beeson, Assistant United States Attorney, and respectfully submits this memorandum for the Court's consideration in determining the appropriate sentence for Defendant Dalen D. King. For the reasons set forth below, and those to be articulated at the sentencing hearing, the United States respectfully submits that a sentence within the Guidelines range of 41-51 months' imprisonment is sufficient but not greater than necessary to meet all of the 18 U.S.C. § 3553(a) factors.

**I.    Offense Conduct**

On September 14, 2017 the U.S. Probation Office for the Northern District of Ohio, along with the U.S. Marshals and Mansfield Police Department executed a search warrant at the defendant's address of 125 1/2 Willow Street in Mansfield, Ohio. During the search the

defendant was found by law enforcement hiding in a closet and was observed with his hands down the back of his shorts. Shortly after, the defendant was handcuffed and asked by law enforcement if he had anything illegal on him, to which the defendant replied in the negative. Law enforcement conducted a pat-down search and no contraband was found. However, law enforcement began to suspect that the defendant was hiding contraband in his groin area and they asked him again if he had anything on his person, to which the defendant again stated no. While conducting a search of the residence the U.S. Probation Officers found many contraband items, including two airsoft pistols, several baggies of marijuana, suspected cocaine (residue), digital scales, and a cell phone. The defendant was then arrested by the U.S. Marshals and transported to the U.S. Courthouse in Akron, Ohio. Upon arrival the defendant was taken into the isolation cell and U.S. Marshals again asked him a third time if he had any illegal contraband on him, to which he once again replied no. The U.S. Marshals informed the defendant that he would be strip searched and advised him to cooperate, at which point the defendant again denied having anything on his person. The U.S. Marshals strip searched the defendant and found a plastic baggie in his buttocks. The defendant then told the Marshals that the baggie contained cocaine. Later laboratory analysis revealed that the baggie contained 19.33 grams of cocaine and 8.10 grams of cocaine base.

**II.     Sentencing Guidelines Computation**

The United States has no objection to the calculations contained in the Final PSR. Furthermore, the two level adjustment for obstruction of justice added by the Probation Office in the Final PSR was a proper and correct use of the obstruction of justice adjustment.

    A.    <u>Defendant's act of concealing the contraband was a material hindrance to the official investigation and therefore the two level adjustment for obstruction is proper.</u>

The United States Sentencing Guideline §3C1.1 states that obstruction of justice has occurred when "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." The increase by two levels for obstruction is proper here because the defendant not only hid drugs on his person but also continually lied to law enforcement officers about possessing the contraband in an attempt to impede the investigation regarding whether or not the defendant had violated his parole by selling drugs out of his home. Application Note 4 under §3C1.1 gives a non-exhaustive list of types of conduct which are subject to the obstruction adjustment. Letter D on this list states that, "destroying or concealing or procuring another person to destroy or conceal evidence that is material to an official investigation" shall be sufficient to warrant an adjustment for obstruction as long as it "resulted in a material hindrance to the official investigation." The 6th Circuit has held that material evidence is evidence that, "if believed, would tend to influence or affect the issue under determination" (*United States v. Lewis*, 444 F. App'x 882, 885 (6th Cir. 2011)). In *Lewis*, the defendant called and instructed his girlfriend to destroy fraudulent credit cards, which lead to a two level adjustment for obstruction of justice. The court stated that the defendant's argument that the evidence he was accused of attempting to destroy was not material was not persuasive and that the two level adjustment for obstruction stood. Here, the drugs that the defendant attempted to conceal from law enforcement are extremely material as they essentially are the issue under determination, since the defendant was charged with drug-related crimes.

The 6th Circuit also stated in *U.S. v. Waldon* that the relevant inquiry is to the intent of the defendant at the time, not whether his actions actually changed the outcome of the investigation or prosecution. *United States v. Waldon*, 206 F.3d 597, 608 (6th Cir. 2000). Therefore, it is not relevant whether or not the defendant's actions actually obstructed or hindered the investigation, but whether that was his intent at the time of the alleged obstruction. In this case it is clear that when the defendant attempted to conceal the drugs on his body it was in an attempt to hinder the investigation being done regarding whether or not the defendant had violated parole. Therefore, it is irrelevant whether or not the defendant was actually successful in hindering the investigation. Due to the reasons stated above the two level adjustment for obstruction of justice is proper.

  B. <u>Defendant's materially false statements to a probation officer warrants the two level adjustment for obstruction.</u>

Application Note 4 under Guideline §3C1.1 also states that the obstruction adjustment is proper when a defendant provides "materially false information to a probation officer in respect to a presentence or other investigation for the court." Here, the defendant, in his own sentencing memorandum admits that he lied to the probation officers when they specifically asked him if he had any contraband on him and he replied that he did not. Sentencing Memo of Dalen King. By the defendant's own admission he qualifies for the two level adjustment for obstruction for making a false statement to the probation officers while they were conducting the investigation into whether or not he violated parole by selling drugs. Under Guideline §3C1.1 Application Note 4 the guideline does provide that "providing incomplete or misleading information, not amounting to a material falsehood" is typically not subject to the two level adjustment for obstruction. However, here there was a clear material falsehood. The defendant knew that he had a baggie of cocaine on his person, he hid it there just moments before law enforcement arrive

4

to execute the search warrant, and he continued to tell probation officers that he had no illegal or contraband substance on his person. Due to these multiple material false statements to probation officers the two level adjustment for obstruction is proper.

> C. The defendant provided materially false statements to a law enforcement officer that significantly obstructed or impeded the official investigation of the instant offense and therefore the two level adjustment is proper.

In the course of this investigation the defendant made false statements not only to the probation officers but also to the Mansfield Police Officers and to the U.S. Marshals. Section 3C1.1 of the Sentencing guidelines states that a two level adjustment for obstruction of justice can be added when a defendant provides "materially false information to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution in the instant offense." While the search warrant was being conduct at the residence the defendant was asked multiple times, by probation officers and other law enforcement officers present, whether he had an illegal substance on his person. Each time the defendant replied that he did not have anything considered illegal or contraband on him. Once in the isolation cell in the U.S Courthouse the U.S. Marshals gave the defendant another opportunity to come clean and again asked him whether he had any contraband on him. Once again, the defendant responded in the negative. Due to the defendant's continual denial of possessing illegal contraband the Marshals then were forced to conduct a strip search of the defendant. It was then that the discovered the baggie and that the defendant admitted that he possessed the cocaine on his person the entire time. In *U.S. v. Shields* the court held that a defendant who had made false statements to law enforcement regarding the amount of time another defendant had been present in his apartment constituted a significant obstruction to the investigation and therefore warranted the two level adjustment. *United States v. Shields*, 415 F. App'x 692, 700 (6th Cir. 2011). Here, the defendant

continued to make false statements to law enforcement conducting the investigation, which significantly impeded the investigation by forcing the officers to expend more time and energy in order to determine whether or not the defendant had illegal contraband on him. Therefore, the two level adjustment for obstruction of justice is proper.

**III.     Additional Sentencing Considerations**

Under 18 U.S.C. § 3553(a) one of the many other factors the court must look at when determining sentencing is the nature and circumstances of the offense and the history and characteristics of the defendant. Here, the nature and circumstances of the offense warrant a sentence at the high range of the guidelines. The defendant, who was on parole for a previous conviction involving trafficking in drugs and possession of ammunition, was essentially running a drug-selling operation out of his home. PSR ¶ 54&55. When Probation Officers conducted the search of the defendant's residence the lead to this offense they discovered weapons, drugs and other drug paraphernalia consistent with selling drugs. The defendant's also has a long criminal history with approximately 24 adult criminal convictions, including serious offenses such as trafficking in drugs, attempted domestic violence, and possession of ammunition as a felon. The defendant also has a long history of violating supervisory release conditions. All of these factors necessitate a sentence in the advisory guidelines range of 41-51 months.

IV.     CONCLUSION

The Court should impose a sentence within the Guidelines range of 41-51 months' imprisonment, which would be sufficient but not greater than necessary to meet all of the 18 U.S.C. § 3553(a) factors.

                    Respectfully submitted,

                    JUSTIN E. HERDMAN
                    United States Attorney

By:   /s/ Brad J. Beeson
        AUSA (IL: 6236690)
        Assistant U.S. Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio 44113-1852
        (216) 622-3850
        (216) 522-2403 (facsimile)
        brad.beeson@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 17th of December 2018 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                            /s/ Brad J. Beeson
                                            Brad J. Beeson
                                            Assistant U.S. Attorney